FILED

2016 Dec-16  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ROBERT HOSSFELD, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

BBVA COMPASS BANCSHARES, INC.,
an Alabama Corporation,

       Defendant.

_____/

**CASE NO.**

**CLASS ACTION**

**JURY DEMAND**

## CLASS ACTION COMPLAINT

1.      Plaintiff Robert Hossfeld brings this action against Defendant, BBVA Compass Bancshares, Inc. ("BBVA"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  At various times, and on numerous instances within the four year period prior to the filing of this complaint, Defendant sent, or orchestrated the sending on its behalf of unsolicited telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant 28 U.S.C. § 1331 due to federal questions raised in the Complaint.  This action arises under a federal statute.  *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 565 U.S., 181 L. Ed. 2d 881 (2012).  This Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and (6), because (i) at least one member of the putative class is a citizen of a state different from Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of costs and interest, and (iii) none of the exceptions under that section apply to this action.

3.      This Court has personal jurisdiction over the Defendant because Defendant's headquarters and principal place of business is in this District.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which Defendant is subject to personal jurisdiction

## PARTIES

5.      Plaintiff ROBERT HOSSFELD is a natural person and a citizen of the State of Texas.  At all relevant times Plaintiff was the subscriber and sole user of the cellular telephone at issue.

6.      Defendant BBVA COMPASS BANCSHARES, INC., ("BBVA") is an Alabama Corporation that operates from offices located at 15 South 20th Street Birmingham, Alabama 35233.

## THE TCPA

7.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry, and the use of automatic telephone dialing systems and artificial or prerecorded voice messages.

8.      The TCPA regulates and restricts the use of automatic telephone equipment.

9.      The TCPA protects consumers from unwanted calls and text messages that are made with autodialers and with prerecorded messages.

10.     Specifically, 47 U.S.C. § 227(b) provides:

**1) Prohibitions**

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

* * *

>  **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)

11.     "An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance." *Bagg v. Ushealth Group, Inc.*, Case No. 6:15-cv-1666-Orl-37GJK, 2016 WL 1588666, at *3 (M.D. Fla. Apr. 20, 2016).

12.     The FCC determined that "'dual purpose' calls, those with both a customer service or informational component as well as a marketing component, are prohibited". *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 917-18 (9th Cir. 2012).   In its 2003 Report, the FCC explained:

> The so-called "dual purpose" calls described in the record—calls from mortgage brokers to their clients notifying them of lower interest rates, calls from phone companies to customers regarding new calling plans, or calls from credit card companies offering overdraft protection to existing customers—would, in most instances, constitute "unsolicited advertisements," regardless of the customer service element to the call. The Commission explained in the *2002 Notice* that such messages may inquire about a customer's satisfaction with a product already purchased, but are motivated in part by the desire to ultimately sell additional goods or services. If the call is intended to offer property, goods, or services for sale either during the call, or in the future (such as in response to a message that provides a toll-free number), that call is an advertisement. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14095 ¶ 142, 2003 WL 21517853 (F.C.C. July 3, 2003) ("2003 Report and Order"); *see also Chesbro*, 705 F.3d at 917-18.

13.     A telemarketer may use a pre-recorded or automated voice to call a telephone number only if the telemarketer has the recipient's prior express consent.

14.     The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided to the individual. *See In re Rules and Regulations Implementing the Telephone Consumer Protection*

3

*Act of 1991*, CG Docket No. 02-278 Report and Order, FCC 12-21, ¶¶ 26, 32-33 (February 15, 2012).

15.     Effective October 16, 2013, anyone engaged in telemarketing must have prior express written consent to place artificial or prerecorded telemarketing calls to a residential phone line or wireless number, or to send text messages or place calls to a wireless number using an automatic telephone dialing system.[1]

16.     Prior express written consent requires an agreement, in writing, bearing the signature of the person called that (a) clearly authorizes the caller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an artificial or prerecorded voice, and (b) lists the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.  *See* 47 C.F.R. § 64.1200(f)(8).

17.     The TCPA also prohibits any entity from initiating more than one telephone call to a person within any twelve (12) month period when that person previously stated that they do not wish to receive telephone calls by or on behalf of the seller whose goods or services are being offered.  47 U.S.C. § 227(c)(5); *see also* 16 C.F.R. § 310.4(b)(iii)(A).

18.     In order to insure compliance with § 227(c)(5), companies are required to maintain an internal Do Not Call List.

## FACTUAL ALLEGATIONS

19.     Defendant placed and continues to place unsolicited calls for telemarketing to "randomly selected" persons of the public, some of which never had any relation with Defendant.

---

[1] *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278 Report and Order, FCC 12-21, ¶ 4 (February 15, 2012).

20.     Defendant's calls are placed by an automatic telephone dialing system.  The prerecorded message from the number "855-271-7383" indeed states:

> "If you received a call from this number, you were **randomly selected** . . . ."[2]

21.     Upon information and belief, based upon formal complaints to governmental entities, at least one of the purpose for these calls was to market goods and services.[3]

22.     On April 2, 2016, Plaintiff began receiving unsolicited, automatically dialed telemarketing calls to his cellular telephone from the number "855-271-7383."

23.     The number "855-271-7383," when called, is answered by a recorded voice stating, "Thank you for calling BBVA Compass."

24.     Plaintiff is the registered subscriber, with exclusive dominion and control, of the cellular telephone number to which the violative telemarketing calls alleged herein were placed.

25.     Defendant maintains a list of persons names who do not wish to be called (this list is referred to herein as the "Do Not Call" list).  The prerecorded message from the number "855-271-7383" indeed states:

> "If you prefer not to receive survey call, please clearly speak your ten digit phone number . . ."

26.     Plaintiff requested that his number be put on the "Do Not Call" list on or about April 2, 2016 after he received the first unsolicited call. ("April 2016 call").

27.     On or before November 8, 2016 Defendant was on notice that Plaintiff did not wish to receive telephone calls from or on behalf of Defendant.

---

[2] *See also* Maurice Greer, LINKEDIN, https://www.linkedin.com/in/maurice-greer-2976bb94 (last visited Nov. 14, 2016) (where the vice-president of BBVA lists on his Linkedin profile under his experience "Utilize Predictive Dialing").
[3] *See* Unwanted Calls, FED. COMM. COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e.

28.     On November 8, 2016 Defendant called or caused Plaintiff to be called through an automatic telephone dialing system.

29.     Following the April 2, 2016 call, Defendant failed to add Plaintiff's name to Defendants' "Do Not Call" list.

30.     Notwithstanding Plaintiff's requests for Defendant to stop making telemarketing calls to him, and to include Plaintiff on Defendant's "Do Not Call" list, Defendant continued to make those calls to Plaintiff.

31.     Defendant placed, or caused to be placed, two or more telemarketing calls to Plaintiff.

32.     Plaintiff did not provide Defendant with express consent to receive automated calls.

33.     At the time Plaintiff's received the calls, Plaintiff had no business relationship with Defendant.

34.     Upon information and belief, Defendant did not have or did not follow reasonable procedures to prevent autodialed calls to persons who did not consent, and/or who had previously requested not to receive calls.

35.     Defendant's calls were a nuisance which briefly deprived Plaintiff of the use of his phone, invaded his personal privacy, and wasted his time.  Additionally, Plaintiff incurred a reduction in his cellular battery life as a result of Defendant's calls.

## CLASS ALLEGATION

36.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

6

37.     Plaintiff proposes to represent a class and sub-class of persons affected by Defendants' actions, described as follows:

**The No Consent class**

(i) All persons within the United States (ii) to whom Defendant, directly or through its agents, (iii) made a call to their cellular phone (iv) using the same or similar system that was used to call Plaintiff (v) between December 14, 2012 through the date of class certification; (vi) excluded from the class are those persons who provided his or her cell phone number to the Defendant in connection with the transaction that was the subject of the call, or who did not request not to receive calls.

**The No Written Consent Sub Class**

Plaintiff alleges a subclass of persons who fit within the above "No Consent" class, and for whom Defendant did not obtain a signed writing stating that the person consents to receive autodialed marketing calls.

**The "Do Not Call" List Class**

(i) All persons within the United States (ii) to whom Defendant, directly or through a vendor, (iii) made more than one call to their telephone (iv) within a twelve month period (v) between December 14, 2012 through the date of class certification, (vi) where Defendant or a vendor's records show the person previously stated that he or she did not wish to received telephone calls from or on behalf of Defendant.

38.     Excluded from the class is the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

39.     The proposed class members are identifiable through phone records and phone number databases.

40.     The potential class members number in the thousands, at least.

41.     Individual joinder of these persons is impracticable.

42.     Plaintiff is a member of the class, and the subclasses.

43.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a)  Whether, within the four years prior to the filing of this action, the Defendant used any automatic telephone dialing system or an artificial or prerecorded voice to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party);

b)  Whether, within the four years prior to the filing of this action, the Defendant used any automatic telephone dialing system or an artificial or prerecorded voice to make telemarketing calls;

c)  Whether the Defendant placed its calls by automatic telephone dialing system without obtaining the recipients' valid prior express consent, or where applicable, prior express written consent;

d)  Whether Defendant placed telemarketing calls to persons who asked to be placed on Defendant's "Do Not Call" list;

e)  Whether Defendant had implemented, with due care, reasonable practices and procedures to prevent telemarketing calls to persons who were on Defendant's "Do Not Call" list;

f)  Whether Defendant had an established business relationship;

g)  Whether the Defendant's violations of the TCPA were willful or knowing; and

h)  Whether the Plaintiff and the class members are entitled to statutory damages as a result of the Defendant's actions.

44.  Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

8

45.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46.     The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

47.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.   The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

49.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## COUNT ONE
### *Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)*

50.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51.     The Defendant violated the TCPA by using any automatic telephone dialing system, to make calls to telephone numbers assigned to a cellular telephone service.

52.     Plaintiff did not consent to receiving Defendant's automatic dialed calls.

53.     Defendant did so knowing that it did not have the prior express consent of the recipient of the call, therefore the violations were willful or knowing.

54.     Defendant's calls caused Plaintiff and the "No Consent" and "No Written Consent" class members concrete injuries including, but not limited to, invasion of their personal privacy; nuisance and disruption in their daily lives; reduction in cellular telephone battery life; and loss of use of their cellular telephones.

**WHEREFORE**, for himself and all class members, Plaintiff requests the following relief:

a)     That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure;

b)     That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

c)     An injunction requiring Defendant not to call any numbers that were skip-traced to ensure that Plaintiff is not called if Plaintiff obtains additional telephone numbers in the future;

d)     An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any numbers that were skip-traced to ensure that Plaintiff is not called in the future;

e)     An injunction requiring Defendant not to call any numbers after a request to cease communications to ensure that Plaintiff is not called in the future;

f)     An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any numbers after a request to cease communications to ensure that Plaintiff is not called in the future;

g)      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**COUNT TWO**
***Violation of 47 U.S.C. § 227(c) and 16 C.F.R. § 310.4(b)(iii)(A)***

55.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56.     The Defendant violated the TCPA by calling, within a 12-month period, persons who asked to be placed on Defendant's "Do Not Call" list.

57.     At all times relevant, Defendant did not have reasonable practices and procedures in place to effectively prevent telephone solicitations in violation of the TCPA as evidenced by its calls to Plaintiff who repeatedly requested Defendant stop calling.

58.     One of the purposes of Defendant's calls was to offer or promote goods or services for purchase or rental.

59.     Defendant's calls caused Plaintiff and the "Do Not Call" list class members concrete injuries including, but not limited to, invasion of their personal privacy; nuisance and disruption in their daily lives; reduction in cellular telephone battery life; and loss of use of their cellular telephones.

**WHEREFORE**, for himself and all class members, Plaintiff requests the following relief:

a)      That the Court certify the proposed class under Rule 23 of the Federal Rules of Civil Procedure;

b)      That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

c)      An injunction requiring Defendant not to call any numbers after a request to cease communications to ensure that Plaintiff is not called in the future;

d)      An injunction requiring Defendant to file quarterly reports of third party audits with the Court on its system and procedures not to call any numbers after a request to cease communications to ensure that Plaintiff is not called in the future;

e)      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 15th day of December, 2016.

Respectfully submitted,

*Attorneys for Plaintiff*

 s/ Gregory S. Graham
Gregory S. Graham, P.C.
PO Drawer 307
803 3rd St. SW
Childersburg, AL 35044
Telephone: (256) 378-3161
Fax: (877) 414-8074
greg@grahamlegalservices.com

SCOTT D. OWENS, Esq.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Fax: (954) 337-0666
scott@scottdowens.com
By: /s/ Scott D. Owens, Esq.
Scott D. Owens, Esq.
Florida Bar No. 0597651

ALEXANDER H. BURKE, Esq.
BURKE LAW OFFICE, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com