IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CASE NO. 2:16-cv-02017-VEH

ROBERT HOSSFELD, individually,
And on behalf of others similarly situated,

    *Plaintiff*,

v.

Compass Bank, and
MSR Group, LLC,

    *Defendants*.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### REPORT OF THE PARTIES' PLANNING MEETING

Plaintiff Robert Hossfeld ("Plaintiff") and Defendants BBVA Compass Banchares, Inc. ("BBVA Compass") and MSR Group, LLC ("MSR Group")(collectively "Defendants") pursuant to this Court's March 14, 2017 ALND Uniform Initial Order Governing All Further Proceedings [ECF No. 21], and in compliance with Rule 26(f) of the Federal Rules of Civil Procedure, submit this Joint Proposed Report of the Parties' Planning Meeting addressing discovery, case scheduling and other pretrial issues as follows:

    **I.**    **The Parties' Synopses of the Case**

A. Plaintiff's Synopsis of the Case:

B. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. prohibits all autodialed telephone calls to cell phones. There is an affirmative defense available if the defendant can show that it had "prior express consent" to make calls.

C. This case alleges that Compass Bank hired MSR to make autodialed calls to the cell phones of consumers for purposes of doing surveys. Defendants called Plaintiff Hossfeld's cell phone at least twice. On the first call, Hossfeld notified Defendants that they had called a non-customer, and asked that they not call him again. Defendants then

1

called Plaintiff's cell phone again a few months later. Plaintiff seeks damages for himself and a class of other persons who received automated calls on their cell phones pursuant to 47 U.S.C. §227(b)(3), as well as injunctive relief to ensure no similar calls happen in the future.

D.  Defendant Compass Bank's Synopsis of the Case:

Compass Bank denies the allegations of Plaintiff's complaint, including but not limited to the allegations that any violation of the TCPA occurred and that Defendant has or can satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure. Further, Compass contends, among other things, that Plaintiff is not an adequate class representative, that Plaintiff cannot make predominance for class certification, nor is the putative class ascertainable, in part, because it would be impossible to determine which numbers were called incorrectly (as opposed to with consent and to a current Compass customer, as Compass contends all calls were) and which calls benefit from the safe harbor provided to the first call made to a reassigned phone number for which consent to call originally existed. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961 (2015). Compass further contends that the "called party" was its actual customer who had engaged in actual transactions with it within 72 hours of the customer satisfaction calls placed and that its customer provided it consent to make such calls. Further, Compass contends that Plaintiff contacted Compass and provided false information including a false telephone number.

E.  Defendant MSR's Synopsis of the Case:

MSR places non-telemarketing, survey calls on behalf of Compass Bank. In 2016, Compass Bank provided MSR with the telephone number at issue in order to conduct a follow-up survey call with a current customer. It appears that Compass Bank sent over an incorrect number to MSR, which actually belonged to the Plaintiff and not to the current customer. MSR's records reflect that it placed a total of two calls to the Plaintiff. The first call was coded as an "Initial Refusal", which means Plaintiff refused to participate in the survey.

There is no evidence in MSR's records that the Plaintiff ever revoked consent or asked MSR not to call him. The second call is coded as a "Callback." At no time did Plaintiff ask MSR not to call him. MSR does not believe there is any TCPA violation because: (1) it believed it had prior express consent to call the number at issue, (2) Plaintiff never revoked any consent or asked MSR to stop calling it, and (3) MSR did not use an automatic telephone dialing system ("ATDS") as defined by the TCPA. 47 U.S.C. § 227, *et seq.* Even if a violation occurred, the facts would be so specific as to make a class action inappropriate as Plaintiff could not represent a class of similarly situated individuals.

## II.     Report of the Parties' Planning Meeting As Required By The Court's Uniform Initial Order Governing All Further Proceedings

1. The following persons participated in a Rule 26(f) conference on November 8, 2017 via telephone.

Alex Burke, representing the Plaintiff
Patrick Crotty, representing the Plaintiff
Gregory C. Cook & Jonathan Hoffmann, representing the Defendant, Compass Bank
Chad Fuller, Virginia Flynn and Sharon Stuart, representing the Defendant, MSR Group, LLC

2. Initial disclosures. The parties will complete by November 30, 2017 the initial disclosures required by Rule 26(a)(1). Plaintiff does not propose any other changes at this time.

3. Discovery Plan. The parties propose the following discovery plans:

   *Plaintiff's Proposed Discovery Plan*

   (a) Plaintiff intends to request discovery as to the following general topics. all relevant topics at all times during the discovery period, including discovery related to class certification, Plaintiff's claims, and whether Defendant's actions willfully violated the TCPA

   Specifically, Plaintiff believes that Discovery will be needed on these subjects:

   Calls: Because this case alleges improper telephone calls, Plaintiff will request discovery regarding Defendants' outbound telephone calls, such as what calls were made, how they were made (i.e. what equipment was used) and policy/practice/procedure.

   Affirmative Defenses:  Defendants are expected to lodge a "prior express consent" affirmative defense in this case. Plaintiff intends to ask for information and documents that relate to this and any other defenses.

   Vicarious Liability: This case alleges that Compass should be held liable for calls made by MSR Group. Therefore, Plaintiff will issue discovery aimed at proving such through principles of agency, such as Compass' right to control aspects of MSR's calls, the degree to which such control was exercised, whether Compass accepted the benefits of such calls, whether Compass cloaked MSR with apparent authority to make calls on its behalf and whether BBVA ratified MSR's conduct by accepting benefits conferred from the calls.

   MSR Group's data logging procedures: MSR kept comprehensive data having to do with the outcome of its calls, such as whether it had reached a wrong number or non-customer. Plaintiff will seek this data and documents that relate to such.

    Willfulness: This case alleges that the TCPA violations here were made willfully. Plaintiff intends to seek documents and information concerning Defendants' knowledge of the TCPA, and knowledge regarding the accuracy of their customer contact data.

(b) Discovery will commence on November 30, 2017. Fact discovery will close on August 23, 2018, and Expert Discovery will close on October 26, 2018.

(c) Each party will be permitted twenty-five (25) interrogatories consistent with Fed. R. Civ. P. 33. Responses to the interrogatories are due from thirty (30) days of the date of service. The parties may request leave from the Court to serve additional interrogatories.

(d) There is no cap on the number of requests for admission consistent with Fed. R. Civ. P. 36. Responses to the requests for admission are due from thirty (30) days of the date of service.

(e) Each party will be permitted ten (10) depositions to be taken consistent with Fed. R. Civ. P. 30. The parties may request leave from the Court to take additional depositions.

(f) The limit on the length of depositions will be seven (7) hours consistent with Fed. R. Civ. P. 30.

(g) Plaintiff shall file reports of all expert witnesses by September 6, 2018 and tender any experts for deposition by September 21, 2018. Defendants shall file all expert reports by October 5, 2018 and tender any experts for deposition by October 19, 2018. Plaintiff shall file any rebuttals by October 26, 2018.

(h) Eight (8) weeks before the trial date for any supplementations under Rule 26(e).

*Defendants' Proposed Discovery Plan*

    (i) Defendants intend to request discovery regarding all relevant topics to class certification, Plaintiff's claims, and both Compass's and MSR's affirmative defenses, including discovery as to (1) whether the phone number is a cell phone, and (2) whether Plaintiff is a regular user or subscriber of the telephone number at issue. Further discovery is necessary as to the number of calls actually placed by MSR to the Plaintiff's cell phone number at issue and the number of calls placed by Plaintiff to Compass Bank and/or MSR.

    Defendants intend to focus discovery on the claims of the Plaintiff (including whether he has incurred any actual injury, what records he has of his calls and interactions with Compass Bank or MSR) and on whether the requirements of Fed. R. Civ. P. 23 have been met. Defendants further note that the Court has the authority to focus discovery and to appropriately limit any overbroad discovery requests, including those which fail the requirements of proportionality under Fed. R. Civ. P. 26(b)(1)

4

(for instance, the details of each and every phone call made by MSR, especially prior to a class certification). Defendants have agreed to the timing of discovery proposed by Plaintiff in paragraphs 3(b)–3(h). Defendants further state that they will seek entry of a protective order prior to the production of confidential information.

4. Other items:

    *Plaintiff's other items*:

    (a) A date to meet with the court. None.

    (b) Two (2) weeks before the Trial for Pretrial Conferences.

    (c) April 5, 2018 deadline for Plaintiff and Defendants to amend pleadings or to join other parties.

    (d) November 9, 2018 deadline to file dispositive motions.

    (e) The parties seriously discussed the possibility of early mediation and concluded that it is premature. The parties will continue to communicate in good faith to explore the possibility of settlement as discovery in this matter proceeds.

    (f) Plaintiff believes that once the parties engage in discovery, Mediation may enhance settlement prospects.

    (g) Four (4) weeks before Trial for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will presented by deposition, and exhibit lists.

    (h) Two (2) weeks before Trial to file objections under Rule 26(a)(3).

    (i) Plaintiff estimates that the Trial will take seven (7) to ten (10) days, depending on whether a class action is certified, the scope of the class, and which defenses are applicable at trial. If trial is limited to the individual claim of Plaintiff, Plaintiff estimates that the trial will last 1 to 2 days. The Defendants agree that an individual trial would last between 1 to 2 days but they do not have sufficient information to estimate what a trial of a class action might last and this could vary depending upon the scope of any class that might be certified.

    (j) Other matters. Plaintiff will file his motion for class certification on or before October 26, 2018.

Date: November 17, 2017

        By: */s/ Gregory S. Graham*
        Gregory S. Graham, Esq.
        Gregory S. Graham, P.C.
        P.O. Drawer 307
        803 3rd Street SW
        Childersburg, Alabama 35044
        Phone: 256-378-3161
        Fax: 256-378-3130

        By: */s/ Gregory C. Cook*
        Gregory C. Cook, Esq.
        BALCH & BINGHAM, LLP
        Birmingham, Al 35201-0306
        Tel: (205) 251-8100
        Fax: (205) 488-5642

        By: */s/ Sharon D. Stuart*
        SHARON D. STUART
        Bar number: ASB-8559-R59S
        Jonathan M. Hooks
        Bar number: ASB-0866-A36H
        CHRISTIAN & SMALL LLP
        505 20th Street North
        Suite 1800
        Birmingham, AL 35203
        Telephone: (205) 795-6588
        Fax: (205) 328-7234
        Email: sdstuart@csattorneys.com
        jmhooks@csattorneys.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notice of such filing to counsel of record. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

        By: */s/ Sharon D. Stuart*

33287365