FILED
2019 Feb-13  PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Appendix 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between Plaintiff Robert Hossfeld ("Hossfeld" or "Plaintiff"), for himself and the Settlement Class Members (as defined below), on the one hand, and Compass Bank ("Compass" or "Defendant"), on the other hand.  This Settlement Agreement is intended to resolve the claims and defenses in *Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.) (the "Action"). Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

## I.    RECITALS

**1.01**    On December 15, 2016, Hossfeld filed a Class Action Complaint in the United States District Court for the Northern District of Alabama, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from nonconsensual calls allegedly made by or on behalf of BBVA Compass Bancshares, Inc. to the cellular telephone numbers of Hossfeld and others using an automatic telephone dialing system. Hossfeld subsequently amended his pleadings to, inter alia, add Compass's vendor who allegedly made the calls at issue on its behalf, the MSR Group, LLC ("MSR"), as a defendant, filing a First Amended Complaint on February 24, 2017 (the "Complaint").[1]

**1.02**    On November 6, 2018, the Parties engaged in an all-day, in-person, arms-length mediation with the Hon. Morton Denlow (Ret.) of JAMS, where they reached a settlement in principle and executed a Term Sheet before leaving the mediation. Based on their investigation and negotiations, which included Class Counsel's extensive review of the data produced in the Action and Class Counsel's confirmation of the unique phone numbers belonging to potential

---

[1]    MSR was dismissed from these proceedings without prejudice, pursuant to a Fed. R. Civ. P. 41(a)(1)(A)(ii) stipulation, on July 9, 2018, Dkt. No. 58.

members of the putative class, and taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by Settlement Class Members pursuant to this Settlement Agreement, Class Counsel has concluded that a settlement with Compass on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

     **1.03**    Compass denies all material allegations in the Complaint and specifically disputes that it used an automatic telephone dialing system or artificial or prerecorded voice messages to contact Plaintiff or putative class members without their prior express consent; that it violated the TCPA; or that Plaintiff and putative class members are entitled to any relief.  Compass further contends that the allegations in the Complaint are not amenable to class certification. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendant has agreed to settle this litigation on the terms set forth in this Settlement Agreement, subject to Court approval.

     **1.04**    The Parties understand, acknowledge and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any party to this Settlement Agreement.  The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

     **1.05**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.     DEFINITIONS

**2.01**     "Action" means the action described by the Complaint filed by Plaintiff in the United States District Court for the Northern District of Alabama, captioned *Hossfeld v. Compass Bank*, No. 2:16-cv-02017.

**2.02**     "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including any exhibits or attachments.

**2.03**     "Approved Claims" means claims that have been validly completed, timely submitted, and approved for payment, pursuant to the terms of this Agreement.

**2.04**     "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.05**     "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.06**     "Claim Form" means the claim form substantially in the form attached hereto as Exhibit A.

**2.07**     "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.08**     "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.09**     "Claims Administrator" or "Settlement Administrator" means American Legal Claims Services, LLC the neutral third party selected by the Parties to effectuate Class Notice and otherwise administer the Settlement as set forth herein, subject to Court approval.

**2.10**     "Class Counsel" means Burke Law Offices, LLC, and Scott D. Owens, P.A.

**2.11**     "Class Direct Notice List" means the list of Settlement Class Members' cell phone numbers identified from the final call data MSR provided in this Action assigned a Code 15 disposition that did not make an inbound call to Compass.

3

**2.12** "Class Notice" means the notice specified in Section VIII of this Settlement Agreement. Class Notice shall be substantially in the forms attached hereto collectively as Exhibit C, subject to the Court's approval.

**2.13** "Class Period" or "Settlement Period" means December 14, 2012, until the date of execution of the Settlement Agreement.

**2.14** "Class Representative" means the plaintiff, Robert Hossfeld.

**2.15** "Court" means the United States District Court for the Northern District of Alabama.

**2.16** "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement Agreement pursuant to Section 7.04.e.

**2.17** "Effective Date" means the date on which the Judgment becomes final as provided in Section 12.01.

**2.18** "Escrow Account" means a non-interest bearing account established at a financial institution, by the Claims Administrator, into which monies shall be deposited as set forth by this Settlement Agreement.

**2.19** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement Agreement as fair, reasonable, and adequate.

**2.20** "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

**2.21** "Final Distribution Date" means the earlier of (i) the date as of which all the checks for Cash Awards have been cashed, or (ii) 210 days after the date on which the last check for a Cash Award was issued.

4

**2.22**   "Funding Date" means seven (7) business days after the Effective Date.

**2.23**   "Objection Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.24**   "Opt-Out Deadline" means forty-five (45) days from the Settlement Notice Date.

**2.25**   "Preliminary Approval Order" means the order by the Court granting preliminary approval to this Settlement, substantially in the form attached hereto as Exhibit D.

**2.26**   "Released Claims" means all claims (under any legal theory), as of the date of Preliminary Approval, that arise out of The MSR Group, LLC's use of automated equipment to contact or attempt to contact Settlement Class Members by telephone during the Settlement Class Period, including but not limited to claims that arise out of The MSR Group, LLC's use of an "automatic telephone dialing system", "automatic dialer," "automated dialer," "dialer," or "artificial or prerecorded voice" (as defined in the Telephone Consumer Protection Act) to make calls to a cellular telephone number or for alleged violations of the Telephone Consumer Protection Act.

**2.27**   "Released Parties" means Compass and each of its respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of its and their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principles, agents, employees, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives.

**2.28**   "Settlement Class" or "Class" means all non-customers of Compass Bank whose cell phones Compass Bank had The MSR Group, LLC ("MSR") call for survey purposes, through use of a VOXCO dialer in predictive mode, where the call was made on or after December 14, 2012, until the date of execution of the Settlement Agreement (the "Settlement Period"), limited

to calls to phone numbers in the final call data provided by MSR. Excluded from the Class are: (1) governmental agencies, entities, or judicial officers; and (2) any person or entity which properly executes and submits a timely request for exclusion from the Class.

**2.29**    "Settlement Class Members" or "Class Members" means those persons who are members of the Settlement Class, as set forth in the definition in Section 2.28, and who do not timely and validly request exclusion from the Settlement Class.

**2.30**    "Settlement Costs" means all costs incurred by Plaintiff, the Settlement Class Members, and their attorneys, including but not limited to Plaintiff's attorneys' fees, costs of suit, Plaintiff's expert or consultant fees, any incentive payments paid to the Class Representative, notice costs, costs of claims administration, and all other costs of administering the Settlement Agreement.

**2.31**    "Settlement Fund" means the non-reversionary cash sum that will be paid by Compass to settle this Action in accordance with the terms of this Settlement Agreement, as identified in Section 4.02.

**2.32**    "Settlement Notice Date" means thirty (30) days after a Preliminary Approval Order is issued.

**2.33**    "Settlement Website" means the internet website operated by the Claims Administrator as described in Section 8.04.

**2.34**    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

## III.    <u>THE PARTIES RECOMMEND APPROVAL OF THE SETTLEMENT.</u>

**3.01**    Defendant's Position on the Conditional Certification of Settlement Class.
Defendant disputes that a class would be manageable or that common issues predominate over
individual ones, and further denies that a litigation class properly could be certified on the claims
asserted in this Action.  However, solely for purposes of avoiding the expense and inconvenience
of further litigation, Defendant does not oppose the certification for settlement purposes only of
the Settlement Class.  Preliminary certification of the Settlement Class for settlement purposes
shall not be deemed a concession that certification of a litigation class is appropriate, nor would
Defendant be precluded from challenging class certification in further proceedings in this Action
or in any other action if the Settlement Agreement is not finalized or finally approved.  If the
Settlement Agreement is not finally approved by the Court for any reason whatsoever, the
certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion
will be asserted in any litigated certification proceedings in this Action.  No agreements made by
or entered into by Defendant in connection with the Settlement Agreement may be used by
Plaintiff, any person in the Settlement Class or any other person to establish any of the elements
of class certification in any litigated certification proceedings, whether in this Action or any other
judicial proceeding.

**3.02**    Plaintiff's Belief in the Merits of Case.  Plaintiff believes that the claims asserted
in this Action have merit and that the evidence developed to date supports those claims.  This
Settlement Agreement shall in no event be construed or deemed to be evidence of or an admission
or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff,
or that there is any merit whatsoever to any of the contentions and defenses that Defendant has
asserted.

**3.03**    Plaintiff Recognizes the Benefits of Settlement.    Plaintiff recognizes and

acknowledges, however, the expense and amount of time which would be required to continue to pursue this Action against Defendant, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class.  Plaintiff has concluded that it is desirable that this Action and any Released Claims be fully and finally settled and released as set forth in this Settlement Agreement.  Plaintiff and Class Counsel believe that the agreement set forth in this Settlement Agreement confers substantial benefits upon the Settlement Class, and that it is in the best interests of the Class to settle as described herein.

## IV.   <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

**4.01**   <u>Confirmatory Discovery</u>:  The Parties have engaged in confirmatory discovery, and have agreed upon the Class Direct Notice List.  The Parties agree that no further discovery need occur.

**4.02**   <u>Monetary Consideration</u>.   In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, Compass will pay or cause to be paid into the Escrow Account the Settlement Fund in the amount of $1,150,000, pursuant to the timeline detailed in Section 7.03.  Under no circumstances shall Compass be required to pay or cause to be paid any amount in excess of $1,150,000 in order to resolve the Action or obtain releases from Plaintiff and Settlement Class Members.

**4.03**   <u>Eligibility for Cash Awards</u>.  Cash Awards shall be made to eligible Settlement Class Members who make valid and timely claims.  Each Settlement Class Member shall be entitled to make one claim for a Cash Award, except that any Settlement Class Member who received calls on multiple cell phone numbers may submit one claim for each unique cell phone number called.

**4.04**   <u>Amount Paid per Claim</u>.  Each Settlement Class Member who makes a valid and

timely claim shall receive a Cash Award or Awards.  The amount of each Cash Award shall be determined by the following formula: (Settlement Fund – Settlement Costs) ÷ (Total Number of Valid and Timely Claims) = Cash Award.  Therefore, the Cash Award for each Settlement Class Member who makes a valid and timely claim is the Settlement Class Member's pro rata share of the total payments to Settlement Class Members.

## V.    ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

**5.01**    <u>Class Representative and Class Counsel Appointment</u>.  For settlement purposes, and subject to Court approval, Hossfeld is appointed as the Class Representative for the Settlement Class as a whole.

**5.02**    <u>Attorneys' Fees and Costs</u>.  Class Counsel shall move the Court for an award of attorneys' fees and costs/expenses to be paid from the Settlement Fund, not to exceed one-third of the Settlement Fund.  Class Counsel shall be entitled to payment of the fees and costs awarded by the Court out of the Settlement Fund as set forth in Section 7.04.  This Settlement will be binding and enforceable regardless of whether the Court approves the attorneys' fees and costs sought by Class Counsel. Class Counsel anticipates seeking one-third of the total Settlement Fund amount in fees. Any payment under Section 5.02 shall be paid from the Settlement Fund.

**5.03**    <u>Payment to Class Representative</u>.  The Class Representative will ask the Court to award an incentive payment for the time and effort he has personally invested in the Action on behalf of the Settlement Class.  Within thirty (30) days of the Funding Date, and after receiving a W-9 form from the Class Representative, the Claims Administrator shall pay to the Class Representative the amount of any incentive payment awarded by the Court.  Court approval of any incentive payment, or its amount, is not a condition of the Settlement Agreement. Plaintiff

anticipates seeking an incentive award of $15,000.  Any payment under this section shall be paid from the Settlement Fund.

**5.04**   <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>.  The payment of attorneys' fees, costs and any incentive payment set forth in Sections 5.02 and 5.03 are subject to and dependent upon the Court's approval of the Settlement Agreement as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement Agreement is not dependent or conditioned upon the Court approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff.  In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Parties.

## VI.   **PRELIMINARY APPROVAL**

**6.01**   <u>Order of Preliminary Approval</u>.  As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, Plaintiff will request that:

a.   the Court conditionally certify the Settlement Class for settlement purposes only, appoint Hossfeld as the Class Representative of the Settlement Class for settlement purposes only, and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only;

b.   the Court preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

c.   the Court approve the form(s) of Class Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d.      the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

e.      the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## VII.      ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**    Third-Party Claims Administrator.   Subject to the Court's approval, the Parties jointly select American Legal Claims Services, LLC to serve as the Claims Administrator, who shall be responsible for all matters relating to the administration of this Settlement Agreement, as set forth herein. Those responsibilities include, but are not limited to, creation of the Escrow Account, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Settlement Agreement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any Claim Form where there is evidence of fraud or noncompliance, directing the mailing of Cash Awards to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.   The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties.

**7.02**    Class Direct Notice List. To facilitate the notice and claims administration process, no later than fourteen (14) days after entry of the Preliminary Approval Order, the Parties will provide to the Claims Administrator, in an electronically searchable and readable format, an agreed Class List that includes the unique cell phone number of likely Settlement Class Members identifiable from the final call data provided by MSR. The Claims Administrator shall then perform a reverse-lookup on such telephone numbers to identify name and address information for purposes of distributing direct Class Notice.

     **7.03**   <u>Payment of Notice and Claims Administration Costs</u>.  Upon the later of (i) ten (10) business days after entry of the Preliminary Approval Order or (ii) five (5) business days after the Claims Administrator provides to Compass a valid, completed W-9 Form, Compass shall initially fund the Settlement Fund in the amount of $150,000. Within seven (7) days after the Effective Date (i.e., the Funding Date), Compass Bank shall pay the remaining $1,000,000 owed under Section 4.02 towards the Settlement Fund. The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the Settlement Agreement and shall provide those to the Parties monthly. After Compass has paid or caused the Settlement Fund to be paid, Compass shall have no further obligation to pay or cause to be paid any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund. Any dispute between Settlement Class Members and the Claims Administrator regarding the reasonableness of the Settlement Costs shall create no further obligation on the part of Compass to pay or cause to be paid any amount in addition to the amount provided for under Section 4.02.

     **7.04**   <u>Distribution of the Settlement Fund</u>.  The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

       a.    no later than fourteen (14) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of notice and administration incurred;

       a.    no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.02;

b.      no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 5.03;

c.      no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay the Cash Awards to eligible Settlement Class Members pursuant to Section 9;

d.      if checks that remain uncashed after 210 days of the first pro rata distribution yield an amount that, after administration costs, feasibly allow a second pro rata distribution to qualifying claimants, the Claims Administrator shall distribute any such funds on a pro rata basis to Settlement Class Members who cashed their initial settlement checks. Such redistributions shall be made until administratively infeasible.

e.      if a further pro rata distribution is not made, or if checks remain uncashed 210 days after any additional distribution for which redistribution to Settlement Class Members is not administratively feasible, the uncashed amount will be paid to a mutually agreeable *cy pres* recipient, subject to Court approval.  The Parties propose that such funds be paid evenly to: Legal Services Alabama and Texas Legal Services Center.

## VIII.   NOTICES

**8.01**   Timing of Class Notice.  Class Notice shall be provided to all persons in the Settlement Class within thirty (30) days following entry of the Preliminary Approval Order as described herein.

**8.02**   Mailing of Settlement Notice.   By the Settlement Notice Date, the Claims Administrator shall send the postcard Settlement Notice in the form of Exhibit C-1, via first-class mail, to all likely Settlement Class Members identifiable through a reverse lookup on the Class

List, taking all reasonable steps to ensure proper delivery, including updating addresses and re-mailing, as needed.  In addition, the Claims Administrator will attempt to locate email addresses associated with any phone number which the MSR records indicate were called in the Compass survey program and will then send email notice to such email addresses (such email campaign not to exceed $7,500). All costs of performing the reverse lookup, mailing, emailing, and re-mailing of returned Settlement Notices, and other aspects of Class Notice will be considered Settlement Costs.  The parties reserve the right to add additional email notice upon agreement but such notice shall also be paid solely through the existing Settlement Fund.

    **8.03**   Publication Notice.   The Claims Administrator shall design and conduct a nationwide website-based publication notice program that the Parties believe will fully satisfy the requirements of due process in conjunction with the other forms of notice discussed in this Agreement.  This notice will be in the form of internet ads or similar, and will be reasonably targeted to likely Class Members. The publication notice will include the following: (1) a Facebook targeted campaign to those accounts associated with a "Code 15" response code in the MSR records, (2) a Facebook targeted campaign to those accounts associated with any phone number which the MSR records indicate were called in the Compass survey program not to exceed $5000, and (3) a Goggle Ad Words campaign not to exceed $5000.  The nationwide publication website-based notice program will be substantially in the form attached as Exhibit C-3. The nationwide publication website-based notice program will be initiated on the Settlement Notice Date.  The parties reserve the right to add additional publication notice upon agreement but such notice shall also be paid solely through the existing Settlement Fund.

    **8.04**   Internet Notice.   By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated Settlement Website with a set of frequently asked questions

and long-form Class Notice in the form of Exhibit C-2. The Settlement Website shall also permit Class Members to view and download the Settlement Agreement, the Parties' operative pleadings, and motions relevant to the Settlement, as well as a claim form that can be completed and mailed to the Claims Administrator. The Settlement Website will also permit Class Members who received a postcard notice to submit their claim online using a unique claim identifier. Class Members may request a claim form or a copy of the long-form Class Notice by calling, mailing, or emailing the Claims Administrator, as well.  The Settlement Website shall remain operative until the date of the *cy pres* distribution.

      **8.05**   <u>Toll-Free Telephone Number</u>.  Within ten (10) days of the Court's entry of the Preliminary Approval Order, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement Agreement, consisting of information concerning the Settlement, and providing the ability to leave a voicemail message to be called back.  That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and that details regarding the Settlement Agreement may be reviewed on the related Settlement Website or by contacting Class Counsel at an identified phone number.

      **8.06**   <u>CAFA Notice</u>.  The Claims Administrator shall be responsible for serving the Class Action Fairness Act ("CAFA") notice as required by 28 U.S.C. § 1715.

**IX.**    <u>**CLAIMS PROCESS**</u>

      **9.01**   <u>Potential Claimants</u>.  Each member of the Settlement Class who does not timely and validly request exclusion from the Settlement as required in this Settlement Agreement shall be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member shall

1611077.1

be entitled to make one claim regardless of the number of times the Settlement Class Member was called on a particular cell number, but Settlement Class Members may make one such claim for each unique cell number they were called on.

**9.02**   <u>Conditions for Claiming Cash Award</u>.  To make a claim, Settlement Class Members must submit by the Claims Deadline a valid and timely Claim Form by U.S. mail or through the Settlement Website (pursuant to Section 8.04), which shall contain the information set forth in Exhibit A hereto, including the Settlement Class Member's 1) name; 2) current address; 3) cell phone number on which the claimant received a Compass call; 4) current, additional contact telephone number, if available; and 5) contact email address, if available. The Claim Form must also be signed by the claimant (or an employee of the claimant, where applicable). The Claims Administrator will notify claimants who submit a first incomplete or incorrect claim form of the deficiency, including an incorrect cell phone number, and provide them the opportunity to submit a corrected form. Claims will be limited to one claim per person, per unique cell phone number, regardless of the number of times the number was called.

**9.03**   <u>Claims Review Process</u>.  As soon as practicable, the Settlement Administrator shall confirm that each claim form submitted (1) is in the form required, (2) was submitted in a timely fashion, (3) is complete, (4) is for a cell phone number called by The MSR Group, LLC, and that (5) the claimant is not a customer of Compass (associated with such phone number) according to Compass' records. Compass shall cooperate to help determine whether claimants were Compass customers at the time of calls. The Settlement Administrator shall forward its decision and supporting documentation to Compass and Class Counsel for the claims on a rolling basis. Compass shall have fourteen (14) days to dispute any claims decision made by the Settlement Administrator directly to the Plaintiff, after which the Parties shall meet and confer. To the extent

the Parties cannot reach an agreement as to the validity of a claim, the Settlement Administrator will have the final authority to resolve all such claim disputes, and can request documentation or missing information from the claimant.

**9.04**   Mailing of Settlement Checks.  Settlement checks shall be sent to qualified Class Members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Funding Date.  If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for Defendant of the names of the claimants whose checks are returned by the postal service as soon as practicable.  Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.

## X.        OPT-OUTS AND OBJECTIONS

**10.01**   Opting Out of the Settlement.  Any members of the Settlement Class who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt-out request must be postmarked no later than the Opt-Out Deadline. The Claims Administrator shall provide copies of all opt-out requests it receives on a rolling basis to the Parties, and shall provide a list of all Settlement Class Members who timely and validly opted out of the Settlement in its declaration filed with the Court, as required by Section 11.01.  The declaration shall include the names of persons who have excluded themselves from the Settlement, but it shall not include their addresses or any other personal identifying information.  Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the release in Section 13.

17

f.      In the written request for exclusion, the Settlement Class Member must state his or her full name, address, telephone number, and the telephone number(s) that was called by or on behalf of Compass.  Further, the Settlement Class Member must include a statement in the written request that he or she wishes to be excluded from the Settlement Class in the Action. The request must be signed by the Settlement Class Member.

g.      Any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

h.      "Mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

**10.02**   Objections.  Any Settlement Class Member who intends to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline.  In the written objection, the Settlement Class Member must state (1) his or her full name, address, and telephone number, and the telephone number(s) called by or on behalf of Compass (if different), (2) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, (4) the identities and contact information for any counsel representing the objector in relation to the case or objection, and (5) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Any documents supporting the objection must also be attached to the objection. The Parties will have the right to issue discovery to or depose any objector as to the basis and circumstances of his or her objection, and to assess whether the objector has standing. A Settlement Class Member may not both opt out of the Settlement and object. If a Settlement Class Member

18

submits both a request for exclusion and objection, the request for exclusion will control.

**10.03**   Any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XI.   <u>FINAL APPROVAL AND JUDGMENT ORDER</u>

**11.01**   No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall cause to be filed with the Court and served on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**   If the Settlement Agreement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

        i.   The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

        j.   Class Counsel and/or Defendant may file a memorandum addressing any objections submitted to the Settlement Agreement.

**11.03**   At the Final Approval Hearing, the Parties will ask the Court to consider and determine whether the provisions of this Agreement should be approved, whether the Settlement Agreement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement Agreement should be overruled, whether the fee award and incentive payments to the Class Representative should be approved, and whether a judgment finally approving the Settlement Agreement should be entered.

**11.04**    This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

k.    finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23;

l.    finds that Settlement Class Members have been adequately represented by the Class Representative and Class Counsel;

m.    finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the release in Section 13.01, and that this Settlement Agreement should be and is approved;

n.    dismisses on the merits and with prejudice all Released Claims of the Settlement Class Members;

o.    permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or the Released Parties; and,

p.    retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## XII.    <u>FINAL JUDGMENT</u>

**12.01**    The judgment entered at the Final Approval Hearing shall be deemed final:

q.    Thirty (30) days after entry of the judgment granting final approval of the Settlement Agreement if no document is filed within that time seeking appeal, review, or rehearing of the judgment; or

r.    If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated

in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.04.

## XIII.   **RELEASE OF CLAIMS**

**13.01**   On the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

## XIV.   **TERMINATION OF AGREEMENT**

**14.01**   Either Side May Terminate the Agreement. Plaintiff and Defendant shall each have the right to unilaterally terminate this Settlement Agreement by providing written notice of his, her, or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

s.    the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

t.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

u.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that is material, unless such modification or amendment is accepted in writing by all Parties;

v.    the Effective Date does not occur; or

w.    any other ground for termination provided for elsewhere in this Settlement Agreement occurs.

**14.02**   <u>Termination if Large Number of Opt-Outs or Approved Claims</u>.  If, as of the Opt-Out Deadline, more than 50 Settlement Class Members have opted-out of the Settlement pursuant to Section 10.01, Compass shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline. If, after the completion of the Claims Review Process set forth in Section 9.03, there are more than 15,000 Approved Claims pursuant to Section 2.03, Plaintiff shall have, in his sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days thereafter.

**14.03**   <u>Revert to Status Quo</u>.  If either Plaintiff or Defendant terminate this Settlement Agreement as provided herein, the Settlement Agreement shall be of no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement shall be vacated.  However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to Compass, but such payments shall constitute recoverable costs to the extent allowed by law.

## XV.   <u>NO ADMISSION OF LIABILITY</u>

**15.01**   Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the operative complaint, whether related to its conduct or the conduct of third parties on its behalf.  Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against it in the Action.  Nothing herein shall constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action. Nothing herein shall constitute an admission by Defendant that the Action is properly brought on a class or representative basis, or that a class may be certified in the Action, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this

Settlement Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Compass or of the truth of any of the allegations in the Actions; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Compass in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

     **15.02**  Pursuant to Federal Rules of Evidence Rule 408 and any similar provisions under the laws of other states, neither this Settlement Agreement nor any related documents filed or created in connection with this Settlement Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Settlement Agreement.

## XVI.    TAXES

     **16.01**  Qualified Settlement Fund. The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 7, including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing

to occur.

**16.02**   Claims Administrator is "Administrator". For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund. Such returns shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**16.03**   Taxes Paid by Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Compass or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, shall be paid by the Claims Administrator from the Settlement Fund.

**16.04**   Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out its duties, including fees of tax attorneys and/or accountants and the cost of issuing 1099s (for example if the amount of a claim exceeds $600), shall be paid by the Claims Administrator from the Settlement Fund.

**16.05**   Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

**XVII.**   **MISCELLANEOUS**

**17.01**   Entire Agreement.  This Settlement Agreement and the exhibits hereto constitute

the entire agreement between the Parties.  Any previous memoranda regarding settlement are superseded by this Settlement Agreement.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Settlement Agreement.

**17.02**   <u>Governing Law</u>.  This Settlement Agreement shall be governed by the laws of the State of Alabama.

**17.03**   <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

**17.04**   <u>No Construction Against Drafter</u>. This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Party.

**17.05**   <u>Resolution of Disputes</u>. The Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly file a motion for preliminary approval with the Court.   Any unresolved dispute regarding the administration of this Settlement Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**17.06**   <u>Counterparts</u>.  This Settlement Agreement may be signed in counterparts, and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**17.07**   <u>Time Periods</u>.  The time periods and dates described herein are subject to Court

1611077.1

approval and may be modified upon order of the Court or written stipulation of the Parties.

**17.08**   <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

**17.09**   <u>No Oral Modifications</u>.   This Settlement Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

**17.10**   <u>Publicity and Confidentiality</u>.  Plaintiff's counsel (and any affiliate counsel) shall not issue a press release, or hold a press conference with respect to this Settlement. Plaintiff's counsel agree to honor the protective order entered by the Court in this matter.

**17.11**   <u>Notices</u>.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

<u>If to Class Counsel</u>:

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> Telephone: (312) 729-5288
> aburke@burkelawllc.com

<u>If to Counsel for Defendant</u>

> Gregory C. Cook
> BALCH & BINGHAM LLP
> 1901 6th Ave. N., Suite 1500
> Birmingham, AL 35201
> Telephone: (205) 251-8100
> gcook@balch.com

1611077.1

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

DATED: 2/7/19        Plaintiff Robert Hossfeld

DATED: _____        Defendant Compass Bank

       Name: _____

       Title: _____

APPROVED AS TO FORM AND CONTENT:

DATED: _____        BALCH & BINGHAM LLP

       By: _____
       Gregory C. Cook
       Counsel for Defendant Compass Bank

DATED: _____        BURKE LAW OFFICES, LLC

       By: _____
       Alexander H. Burke
       Class Counsel

DATED: 2-7-19        SCOTT D. OWENS, P.A.

       By: _____
       Scott D. Owens
       Class Counsel

27

77.1

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

DATED: _____          Plaintiff Robert Hossfeld

                                         _____

DATED: 2/8/19                            Defendant Compass Bank

                                         _____
                                         Name:  Michael J Clemmer
                                         Title:  Asst General Counsel

APPROVED AS TO FORM AND CONTENT:

DATED: 2/8/19                            BALCH & BINGHAM LLP

                                         By: _____
                                             Gregory C. Cook
                                             Counsel for Defendant Compass Bank

DATED: 2/8/19                            BURKE LAW OFFICES, LLC

                                         By: _____
                                             Alexander H. Burke
                                             Class Counsel

DATED: _____          SCOTT D. OWENS, P.A.

                                         By: _____
                                             Scott D. Owens
                                             Class Counsel

27

# **Exhibit A**

**Claim Form**
*Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.)

(This claim form should only be used if a claim is being mailed in and is not being filed online at www.XXXXXXXXXXXXXX.com.)

---

**NAME**

First Name: _____     Middle Initial: _____     Last Name: _____

**CURRENT ADDRESS, PHONE NUMBER, AND EMAIL**

Street Address 1: _____

Street Address 2: _____

City: _____     State: _____     Zip Code: _____

Current Phone Number: _____

Current E-mail (if available): _____

**CLAIM ID NUMBER**

Claim ID: _____
        (if known; this number can be found on the front of the postcard sent)

**CELL PHONE NUMBER**

Cell Phone Number to which you received a call: _____

(Your cell phone number must be listed in our records as one of the phone numbers that was called by or on behalf of Compass Bank and included as part of the Settlement. If you were called on more than one cell phone number, or are not certain which of your cell phone numbers was called, you may submit each of them separately.)

---

**CERTIFICATION**

By signing below, I certify that (1) I received at least one phone call from or on behalf of Compass Bank on the above cell phone number, (2) I was not a customer of Compass Bank at the time of the call, and (3) I was the subscriber or user of the telephone number that was called at the time of at least one call.


Dated: _____                    _____
                                              Your Signature

---

# **<u>Exhibit B</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Robert Hossfeld, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:16-cv-02017-ACA |
| v. | ) ) | |
| COMPASS BANK, | ) ) | |
| Defendant. | ) | |

### [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

The Court having held a Final Approval Hearing on [DATE], notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.     The Settlement Agreement dated [DATE], including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2.     This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> **SETTLEMENT CLASS**:  All non-customers of Compass Bank whose cell phones Compass Bank had The MSR Group, LLC ("MSR") call for survey purposes, through use of a VOXCO dialer in predictive mode, where the call was made on or after December 14, 2012, until the date of execution of the Settlement Agreement (the "Settlement Period"), limited to calls to phone numbers in the final call data provided by MSR. Excluded from the Class are: (1) governmental agencies, entities, or judicial officers; and (2) any person or entity which properly executes and submits a timely request for exclusion from the Class.

3.     The Court hereby finds that the Settlement Agreement is the product of arm's-length settlement negotiations between the Plaintiff and Class Counsel, and Defendant Compass Bank ("Compass").

4.     The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.     The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this

Order.

6.      This Court hereby finds and concludes that the notice provided by Compass to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.      A total of [number] Settlement Class Members submitted timely and proper requests for exclusion. The Court hereby orders that each of those individuals is excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

8.      The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

9.      The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Plaintiff's counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement treats Class

Members equitably relative to each other.

10.     This Court hereby dismisses, with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action.

11.     Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

12.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby barred from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

13.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability

or wrongdoing, by Compass, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

14.    If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

15.    The Court grants Class Counsel's application for fees and costs, and awards $ [AMOUNT] in attorneys' fees and $ [AMOUNT] in costs. The Court finds these amounts appropriate, fair and reasonable. The Court awards $[AMOUNT] as an incentive award for Robert Hossfeld, and finds this amount fair and reasonable.

16.    Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and enter final judgment pursuant to Rule

54(b) forthwith.

17.    The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

**IT IS SO ORDERED** in Chambers at Birmingham, Alabama this _____ day of _____ 2019.

Dated: _____          _____
                                                            Hon. Annemarie Carney Axon
                                                            United States District Judge

# **<u>Exhibit C-1</u>**

*Hossfeld v. Compass Bank* **TCPA Settlement Claim Form**
**THIS CLAIM FORM MUST BE UNDERLINED POSTMARKED BY** _____ **AND MUST BE FULLY COMPLETED.**
**You may also submit your claim online at www.XXXXXXXXXXXXXXXXX.com or by calling 1-XXX-XXX-XXXX.**

Full Name (if different from the name to which this postcard was addressed):
bbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbb

Address: (if different)
bbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbbb

City: (if different)                 State:     ZIP            ZIP 4 (optional)
bbbbbbbbbbbbbbbbbbb      bb      bbbbb **-** bbbb

E-Mail Address (if available):
bbbbbbbbbbbbbbbbbbb

Contact Phone Number:                 Cell Phone Number on which You Received a Call:
(www) www - wwww      (www) www - wwww

(Your cell phone number must be listed in our records as one of the phone numbers that was called by or on behalf of Compass Bank and included as part of the Settlement. If you were called on more than one cell phone number, or are not certain which of your cell phone numbers was called, you may submit each of them separately.)

**CERTIFICATION**
By signing below, I certify that (1) I received at least one phone call from or on behalf of Compass Bank on the above cell phone number, (2) I was not a customer of Compass Bank at the time of the call, and (3) I was the subscriber or user of the telephone number that was called at the time of at least one call.

**Dated:** _____

_____
**Your Signature**

**For more information, visit www. XXXXXXXXXXXXXXXXXXX.com.**

## LEGAL NOTICE

*Hossfeld v. Compass Bank*,
No. 2:16-cv-02017 (N.D. Ala.)

A class action settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Alabama ("Court").

This case claims that Compass Bank ("Compass") violated the Telephone Consumer Protection Act by causing survey calls to be made to non-customers' cell phone numbers using an automatic telephone dialing system. Compass denies that it did anything wrong.

Who Is Included? You are likely included in the Settlement if you were a non-customer of Compass and received a Compass Bank survey call on your cell phone between December 14, 2012 and [DATE].

**Compass Bank TCPA Settlement**          c/o [**Claims Administrator**]
**P.O. Box XXXXX**
[**City, State  ZIP**]

_____

**Forwarding Service Requested**

Claim ID: 1234567890
Confirmation No: 1234567890

[NAME]
[ADDRESS]
[SUITE/APT.]
[CITY, STATE ZIP]

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST–CLASS MAIL

POSTAGE WILL BE PAID BY ADDRESSEE

COMPASS BANK TCPA SETTLEMENT
C/O AMERICAN LEGAL CLAIM SERVICES, LLC
P.O. BOX XXXXX
[CITY, STATE  ZIP]

*Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.). **You might get a payment from this Settlement. Summary of the Settlement**: Under the proposed Settlement, Compass Bank ("Compass") has agreed to establish a Settlement Fund of $1,150,000 to: pay Settlement Class Members who make valid and timely claims; pay a service award to the Class Representative awarded by the Court; pay attorneys' fees and costs awarded by the Court (Plaintiff will ask the Court to award fees of up to one-third of the Settlement Fund, or $383,333.33, plus costs, as well as up to $15,000 for the Class Representative); and pay settlement notice and administration costs. Any remaining monies from uncashed settlement checks may be redistributed or paid evenly to the non-profits, Legal Services Alabama and Texas Legal Services Center. This is a summary notice only; additional details of the Settlement can be found at www.XXXXXXXXXXXX.com or by calling 1-XXX-XXX-XXXX.

**Can I Get Money from the Settlement?** Yes, each Settlement Class Member who submits a valid and timely Approved Claim will receive a cash award. How much each Class Member receives depends on how many people make approved claims. Class Counsel estimate that the amount of the cash award may be within the range of $100 to $350.

**How Do I Make A Settlement Claim?** You can make a claim by either: (1) submitting one online at www.XXXXXXXXXXXX.com; or 2) mailing a completed Claim Form to the American Legal Claim Services, LLC address below.

**Do I Have a Lawyer?** Yes. The Court has appointed Burke Law Offices, LLC and Scott D. Owens, P.A. to represent the Settlement Class. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire.

**What Should I Do?** Settlement Class Members have four options: (1) Submit a Claim to the Claims Administrator for a share of the Settlement Fund by [DATE]. If the Settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately about the issues in the lawsuit. (2) Remain a Class Member but object to the Settlement. Instructions for objecting are available at www.XXXXXXXXXXXX.com. Objections and supporting documents must be sent to Class Counsel and defense counsel and filed with the Court by [DATE]. You may choose to pay for and be represented by a lawyer who may send the objection for you. (3) Exclude yourself from the Settlement by mailing a request to the Claims Administrator (not the Court). The request must be signed and state your full name, address, phone number, and the phone number called by or on behalf of Compass, and include a statement that you wish to be excluded from the Settlement Class in *Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.). Exclusions must be postmarked no later than [DATE]. (4) Do Nothing: If you do nothing, you will remain part of the Settlement Class and will release your claims against the Released Parties, but you will not receive any money from this Settlement.

**Scheduled Hearing.** The Court scheduled a hearing for [date] at [time] in Courtroom [XXXX] of the Hugo L. Black United States Courthouse, 1729 5th Ave. N., Birmingham, AL 35203, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs and Class Representative award. The hearing may be changed without notice.

**It is not necessary for you to appear at this hearing, but you may attend at your own expense. For more information,** contact the Claims Administrator: Visit: www. XXXXXXXXXXXX.com; Call: 1-XXX-XXX-XXXX; Or Write: Compass Bank TCPA Settlement, c/o American Legal Claim Services, LLC, P.O. Box XXXXX, [City, State ZIP]. Please periodically visit the settlement website for updates.

# **<u>Exhibit C-2</u>**

<u>United States District Court for the Northern District of Alabama</u>

# IF YOU RECEIVED A COMPASS BANK PHONE CALL FOR SURVEY PURPOSES DESPITE BEING A NON-CUSTOMER, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiff Robert Hossfeld ("Hossfeld") brought a lawsuit alleging that Compass Bank ("Compass") violated the Telephone Consumer Protection Act by making automated survey calls to non-customers' cell phones.

- Compass denies that it did anything wrong. However, in order to avoid the risks and expense associated with continued litigation, Compass agreed to settle the case.

- The settlement affects non-customers of Compass whose cell phone number Compass had its vendor, The MSR Group, LLC ("MSR"), call for survey purposes between December 14, 2012 and [DATE], as reflected in MSR's call records.

- If you received a notice in the mail about this lawsuit in the mail, you are likely a class member.

- The Settlement, if approved, would provide $1,150,000 to pay valid and timely claims of those persons who received any of these calls on behalf of Compass, as well as to pay Class Counsel's attorneys' fees and costs, an award to the Class Representative, and notice and administration costs of the Settlement.

- Class members that submit valid claims are expected to receive more than $100.

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment from the Settlement. You can submit a valid and timely claim form by mail to Compass Bank TCPA Settlement, c/o American Legal Claim Services, LLC [Address]. If you received a postcard regarding the Settlement, you may also submit a claim online using the Claim ID on the postcard at www.XXXXXXXXXXX.com. If you fail to submit a timely claim, you won't receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Compass and other Released Parties separately regarding the legal claims in this case. |
| **Exclude Yourself or "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Compass and the other Released Parties with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

For updates and other information about the settlement, please monitor the settlement website, www.settlementwebsite.com.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**...................................................................................................................PAGE 3
1.   Why is there a notice?
2.   What is this class action lawsuit about?
3.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** .......................................................................................................PAGE 3
4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET**.........................................................................PAGE 4
5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT**.........................................................................................................PAGE 4
6.   How and when can I get a payment?
7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...................................................................PAGE 5
8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**..........................................................................................PAGE 6
9.   Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................................................PAGE 7
11. How do I tell the Court that I do not think the Settlement is fair?

**THE FINAL APPROVAL HEARING** ...............................................................................................PAGE 7
12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................................................................................PAGE 8
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................................................PAGE 8
15. How do I get more information?

# BASIC INFORMATION

## 1. Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because, according to the records of Compass Bank's ("Compass") vendor The MSR Group, LLC ("MSR"), you may be a non-customer whose cellular telephone number MSR called using its VOXCO dialer in predictive mode for survey purposes on Compass's behalf between December 14, 2012 and [DATE].

The Court in charge of the case is Judge Annemarie Carney Axon of the United District Court for the Northern District of Alabama, and the case is known as *Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.). The proposed Settlement would resolve all claims in this case. The person who sued, Robert Hossfeld, is called the Plaintiff. The company sued, Compass Bank, is called the Defendant, and is referred to in this Notice as "Compass."

## 2. What is this class action lawsuit about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative, Plaintiff Hossfeld, filed this Action alleging that Compass violated the Telephone Consumer Protection Act ("TCPA") by causing calls to be made to the cellular telephone numbers of himself and others using an automatic telephone dialing system, without the prior express consent of the called party.

Compass denies that it did anything wrong and denies that this case would be appropriate for treatment as a class action without a settlement.

## 3. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the risk and cost of protracted litigation, and the people affected by the disputed phone calls that participate in the settlement will receive money. The Class Representative and his attorneys think the Settlement is best for all Settlement Class Members.

# WHO IS IN THE SETTLEMENT?

## 4. How do I know if I am part of the Settlement?

If you were not a Compass customer, but received a survey call on your cell phone from Compass, you are likely a class member.

3

The technical class definition is: All non-customers of Compass whose cell phones Compass had MSR call for survey purposes, through use of a VOXCO dialer in predictive mode, where the call was made on or after December 14, 2012, until [the date of execution of the Settlement Agreement] (the "Settlement Period"), limited to calls to phone numbers in the final call data provided by MSR. Excluded from the Class are: (1) governmental agencies, entities, or judicial officers; and (2) any person or entity which properly executes and submits a timely request for exclusion from the Class.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXX.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

Compass has agreed to pay a total settlement amount of $1,150,000, which will be used to create a Settlement Fund to pay Cash Awards to Settlement Class Members who submit a valid and timely Approved Claim, pay Class Counsel's attorneys' fees and costs, pay a service award to the Class Representative, and pay costs and expenses of settlement notice and administration.

Any remaining monies from uncashed Cash Awards may be redistributed in further distributions to Settlement Class Members who submitted a valid and timely claim and cashed settlement checks. However, if a further distribution would no longer be administratively feasible, the remaining monies will instead be evenly donated to Legal Services Alabama and Texas Legal Services Center or another non-profit designated by the Court.

## HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Class Member who submits a valid and timely Claim Form will receive a Cash Award. The amount of the Cash Award will depend on the total number of valid and timely claims filed by all Class Members. It is difficult to tell how many non-customers are in the class, which makes it difficult to predict how much money claimants will receive. However, Class Counsel estimate that the amount of the cash award be within the range of $100 to $350. Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims may be mailed to:

> Compass Bank TCPA Settlement, c/o American Legal Claim Services, LLC [Address]

Class Members who received a postcard notice in the mail may alternatively submit their claim electronically via the Settlement Website, using the unique Claim ID provided on the postcard.

**All claims must be postmarked or submitted online no later than [DATE].**

The Court will hold a hearing at [TIME] on [DATE]_, in Courtroom [XXXX] of the Hugo L. Black United States Courthouse, 1729 5th Ave. N., Birmingham, AL 35203, to decide whether to approve the Settlement. You do not have to be present at the hearing.

If the Settlement is approved, appeals may still follow. While the parties want this settlement finalized efficiently, resolution it is never completely certain how long it will take to issue checks, and resolving appeals can take time, sometimes more than a year. Please be patient. You can check for updates on the Settlement Website, www.XXXXXXXXXXXX.com.

### 7. What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Compass and other Released Parties about the legal issues in this case, and all of the decisions and judgments by the Court will bind you.

The law upon which this case is based, the TCPA, 47 U.S.C. § 227, restricts calling cell phone numbers using an automatic telephone dialing system or an artificial or prerecorded voice without the called party's prior express consent. The TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. Persons who exclude themselves could try to obtain these damages at their own expense; the lawyers in this case will not represent you if you do so.

Filing your own case, however, is risky. Compass has raised a host of defenses, denies that the equipment used to make the calls at issue is covered by the TCPA, and will forcefully argue that it had prior express consent to make any calls, among other possible defenses. In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This Settlement permits Class Members the opportunity to obtain a smaller amount of money than they could get if they sued on their own, risk and hassle-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Compass and other Released Parties from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that you will release each and all of the Released Parties from each of the Released Claims (as defined below).

> "Released Parties" means Compass and each of its respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of its and their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principles, agents, employees, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, assigns, and legal representatives.

> "Released Claims" means all claims (under any legal theory), as of the date of Preliminary Approval, that arise out of The MSR Group, LLC's use of automated equipment to contact or attempt to contact Settlement Class Members by telephone during the Settlement Class Period, including but not limited to claims that arise out of The MSR Group, LLC's use of an "automatic telephone dialing system", "automatic dialer," "automated dialer," "dialer," or "artificial or prerecorded voice" (as defined in the Telephone Consumer Protection Act) to make calls to a cellular telephone number or for alleged violations of the Telephone Consumer Protection Act.

The Settlement Agreement (available at the website) provides more detail regarding what people who do not exclude themselves will give up, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt out of the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Compass and any of the Released Parties on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. The Court will exclude from the Class any member who requests exclusion.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement Class in *Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.). You must include your full name, address, phone number, and the phone number called by or on behalf of Compass. You must sign your request for exclusion. You must mail your exclusion request postmarked no later than [Date], to:

> Compass Bank TCPA Settlement, c/o American Legal Claim Services, LLC, [Address]

If you ask to be excluded, you will not get any Cash Award and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Compass and other Released Parties relating to any of the Released Claims in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion. However, "mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

# THE LAWYERS REPRESENTING YOU

**9. Do I have a lawyer in this case?**

The Court appointed Burke Law Offices, LLC and Scott D. Owens, P.A. to represent you and other Class Members.

These lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense and have that lawyer make an appearance for you if you so desire.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

**10. How will the lawyers and class representatives be paid?**

Class Counsel anticipates asking the Court to approve payment of up to $383,333.33 (one-third of the Settlement Fund) to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus out-of-pocket costs. Class Counsel will also request an award of $15,000 to the Class Representative, as compensation for his time and effort. The Court may award less than these amounts. These payments, along with the costs of notice and administering the Settlement, will be made from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## 11. How do I tell the Court that I do not think the Settlement is fair?

If you are a Class Member, you may object to any part of the Settlement. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.). Your written objection must state: (1) your full name, address, and telephone number, and the telephone number(s) called by or on behalf of Compass (if different); (2) whether the objection applies only to you, to a specific subset of the Class, or to the entire Class; (3) the specific grounds for the objection; (4) the identities and contact information for any counsel representing you in relation to the objection; and (5) whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel.  Any documents supporting the objection must also be attached to the objection. Although all objections must identify any lawyer that represents you as to the Action or your objection, you do not have to hire a lawyer to object.  Your objection should be sent to Class Counsel and counsel for Compass. Objections must be filed and postmarked by [Date].

The objection must be sent to:

| For Filing: | By Mail: |
|---|---|
| *Hossfeld v. Compass Bank*, No. 2:16-cv-02017 (N.D. Ala.). Clerk of the Court Hugo L. Black United States Courthouse 1729 5th Ave. N. Birmingham, AL 35203 | Alexander H Burke Burke Law Offices, LLC 155 N. Michigan Ave., Suite 9020 Chicago, IL 60601 *Attorney for Plaintiff and the Settlement Class* |
| | Gregory C. Cook Balch & Bingham LLP 1901 6th Ave. N., Suite 1500 Birmingham, AL 35203 *Attorney for Compass Bank* |

# THE FINAL APPROVAL HEARING

## 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at [Time] on [Date], at the United States District Court for the Northern District of Alabama, Hugo L. Black United States Courthouse, 1729 5th Ave. N., Birmingham, AL 35203, in Courtroom XXXX. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and Class Representative incentive award, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear at the Final Approval Hearing in *Hossfeld v. Compass Bank*, Case No. 2:16-cv-02017 (N.D. Ala.). Be sure to include your full name, address, and telephone number. Your letter stating your notice of intention to appear must be postmarked no later than [date], and be sent to the Clerk of the Court, Hugo L. Black United States Courthouse, 1729 5th Ave. N., Birmingham, AL 35203, and to the lawyers listed above. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Compass and the other Released Parties about the Released Claims in this case ever again.

## GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Compass Bank TCPA Settlement, c/o American Legal Claim Service, LLC; or visiting the website at www.XXXXXXXXXXX.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

# **<u>Exhibit C-3</u>**

 Sponsored · 🌐

**If you received a survey call from Compass Bank on your cell phone, but were not a Compass customer, you may be entitled to recover under a class action settlement.**



 

[www.BankSurveyTCPAsettlement.com](http://www.BankSurveyTCPAsettlement.com)

**You may be entitled to a recovery!**

Learn More

👍 Like          💬 Comment

 Sponsored · 🌐

**If you received a survey call from Compass Bank on your cell phone, but were not a Compass customer, you may be entitled to recover under a class action settlement.**



[www.BankSurveyTCPAsettlement.com](http://www.BankSurveyTCPAsettlement.com)

**You may be entitled to a recovery!**

Learn More

👍 Like          💬 Comment

 Sponsored · 🌐

**You may be entitled to recover under a class action settlement.**



| | |
|---|---|
| **Did you receive a survey call from Compass Bank on your cell phone and were not a Compass customer?** [www.BankSurveyTCPAsettlement.com](http://www.BankSurveyTCPAsettlement.com) | Learn More |

 Like           Comment

# **<u>Exhibit D</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Robert Hossfeld, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:16-cv-02017-ACA |
| v. | ) ) | |
| COMPASS BANK, | ) ) | |
| Defendant. | ) | |

## [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiff's motion for preliminary approval of the proposed class action settlement of the above-captioned case (the "Action") between Plaintiff Robert Hossfeld, individually and on behalf of the Settlement Class, and Defendant Compass Bank ("Compass"), as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). Having duly considered the papers, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the

meanings ascribed to them in the Agreement.

3.     The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on that evaluation, the Court finds there is cause to believe that: (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4.     The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All non-customers of Compass Bank whose cell phones Compass Bank had The MSR Group, LLC ("MSR") call for survey purposes, through use of a VOXCO dialer in predictive mode, where the call was made on or after December 14, 2012, until the date of execution of the Settlement Agreement (the "Settlement Period"), limited to calls to phone numbers in the final call data provided by MSR. Excluded from the Class are: (1) governmental agencies, entities, or judicial officers; and (2) any person or entity which properly executes and submits a timely request for exclusion from the Class.

5.     The Court hereby appoints Robert Hossfeld as Class Representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.    The Court appoints Burke Law Offices, LLC and Scott D. Owens, P.A.as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.    On **[DATE]**, in Courtroom **[ROOM]** of the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203, or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and incentive award to Plaintiff, should be granted, and in what amount. No later than **[DATE]**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses, and the incentive award to the Class Representative.  No later than **[DATE]**, which is fourteen (14) days prior to the Final Approval Hearing,  Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections.  Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than **[DATE]**.

8.    Pursuant to the Agreement, [Claims Administrator] is hereby appointed as Claims Administrator, and shall be required to perform all the duties of the Claims Administrator as set forth in the Agreement and this Order.

9.    The Court approves the proposed notice plan for giving notice to the

- 3 -

Settlement Class (i) directly (using postcards for all ascertained addresses and emails as outlined in the Settlement Agreement), (ii) through an internet publication notice campaign as outlined in the Settlement Agreement; and (iii) by establishing a Settlement Website, as more fully described in the Agreement. The notice plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the notice plan no later than **[DATE]**, in accordance with the terms of the Agreement.

10.   The Claims Administrator will file with the Court by no later than **[DATE]**, which is fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Agreement and this Preliminary Approval Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11.   Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **[DATE]**, which are both forty-five (45) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

- 4 -

12.    To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, telephone number, and the telephone number(s) called by or on behalf of Compass (if different), and must state in writing that he or she wishes to be excluded from the Settlement Class in this Action.  The Request for Exclusion must be signed by the Settlement Class Member.  No Request for Exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

13.    If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determinations and judgments concerning it will not bind the excluded person.

14.    All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and

judgments concerning the Agreement.

15.     To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline.  In the written Objection, the Class Member must state (1) his or her full name, address, and telephone number, and the telephone number(s) called by or on behalf of Compass (if different), (2) whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class, (3) the specific grounds for the objection, and (4) whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel.  Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection.  Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection.  No Objection will be valid unless all of the information described above is included.  Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant.  The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

16.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, and at the same time provide copies to Class Counsel and Defendant's

Counsel, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action.  All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

17.     Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

18.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent

- 7 -

class certification decision.

19.     The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Compass, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

20.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

21.   Accordingly, the following are the deadlines by which certain events must occur:

| ACTION | DATE |
|---|---|
| Settlement Notice Date | 30 days after Preliminary Approval Order entered |
| Class Counsel's Fee/Service Award Motion Due | 30 days after Settlement Notice Date |
| Opt-Out and Objection Deadline | 45 days after the Settlement Notice Date |
| Deadline to Submit Claims | 90 days after Settlement Notice Date |
| Motion for Final Approval, Claims Administrator Declaration, and Response to Objections Due | 14 days prior to Final Approval Hearing |
| Final Approval Hearing | [Time] on [Date] [no earlier than 140 days after Settlement Notice Date] Hugo L. Black U.S. Courthouse 1729 5th Ave. N., Courtroom [Room] Birmingham, AL 35203 |

**IT IS SO ORDERED** in Chambers at Birmingham, Alabama this _____ day of February 2019.


Dated: _____      _____
                                  Hon. Annemarie Carney Axon
                                  United States District Judge

- 9 -