IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Robert Hossfeld, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 2:16-cv-02017-ACA |
| COMPASS BANK, | ) ) ) |
| Defendant. | ) |

## ORDER AND FINAL JUDGMENT

This matter is before the court on Plaintiff Robert Hossfeld's unopposed motion for final approval of class action settlement and motion for attorney's fees, expenses, and incentive award. (Docs. 98, 99). The court held a final approval hearing on August 28, 2019. Having considered the arguments made by counsel during the hearing and the parties' submissions, the court **ORDERS** as follows:

1. The Settlement Agreement dated February 8, 2019, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein (doc. 98-1) are incorporated by reference in this Order. The terms of this court's Preliminary Approval Order (doc. 97) are also incorporated by reference in this Order.

2. This court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified

for settlement purposes in the court's Preliminary Approval Order:

> **SETTLEMENT CLASS**: All non-customers of Compass Bank whose cell phones Compass Bank had The MSR Group, LLC ("MSR") call for survey purposes, through use of a VOXCO dialer in predictive mode, where the call was made on or after December 14, 2012, until February 8, 2019 (the "Settlement Period"), limited to calls to phone numbers in the final call data provided by MSR. Excluded from the Class are: (1) governmental agencies, entities, or judicial officers; and (2) any person or entity which properly executes and submits a timely request for exclusion from the Class.

3.  The court finds that the Settlement Agreement is the product of arm's-length settlement negotiations between Plaintiff and Class Counsel, and Defendant Compass Bank ("Compass").

4.  The court finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination complied with this court's Preliminary Approval Order.

5.  The court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and support the court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6.  The court finds and concludes that the notice provided by Compass to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfies

the requirements of that statute.

7. A total of one Settlement Class Member submitted a timely and proper request for exclusion. The court orders that this one individual is excluded from the Settlement Class. That individual will not be bound by the Settlement Agreement, and neither will that individual be entitled to any of its benefits.

8. The court finally approves the Settlement Agreement and the Settlement contemplated by the Settlement Agreement, and finds that the terms constitute, in all respects, a fair, adequate and reasonable settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is bound by the Settlement Agreement, except for the individual identified in paragraph 7.

9. The court finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Plaintiff's counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement treats Class Members equitably relative to each other.

10. This court **DISMISSES** this action **WITH PREJUDICE**, without

costs to any party, except as expressly provided for in the Settlement Agreement.

11.     Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

12.     Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is barred from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties.

13.     The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Compass, or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be

discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

14. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

15. The court **GRANTS** Class Counsel's application for fees and costs (doc. 98), and awards $383,333.33 in attorneys' fees and $34,221.40 in costs. The court finds these amounts appropriate, fair and reasonable. The court awards $15,000 as an incentive award for named Plaintiff Robert Hossfeld and finds this amount fair and reasonable.

16. Finding that there is no just reason for delay, the court enters this order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

**DONE** and **ORDERED** this September 12, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE